| | |
|---|---|
| 1 | |
| 2 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>               Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, *et al.*,<br><br>               Defendants. | Case No.  2:23-cv-02743-JDP (PC)<br><br>**ORDER**<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND FINDING THAT THE COMPLAINT FAILS TO STATE A VIABLE CLAIM AND GRANTING LEAVE TO AMEND<br><br>ECF Nos. 1 & 2<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff, an inmate in the South Placer County Jail, brings this action against Governor Newsom, an unspecified city council (presumably that of South Placer), and the Immigration and Naturalization Services ("INS"). ECF No. 1 at 1-2. The specifics of his allegations, however, are difficult to understand due to the complaint's lack of organization and low legibility. As such, the complaint does not adequately put defendants on notice of the claims against them. I will give plaintiff leave to amend so that he may better plead his claims. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff brings this action against Governor Newsom, a city council, and the INS. ECF No. 1 at 1-2. The specifics of his claims are difficult to comprehend, however. His handwriting is difficult to read, and the complaint suffers from a lack of organization. As best I can tell,

1  plaintiff's claims relate to defendants' alleged refusal to allow the operation of a Section Eight
2  housing program. *Id.* at 4.  The complaint does not, however, explain how each of the named
3  defendants have participated in the restriction of that program—at least not in any way that a
4  reader could be expected to grasp.  The complaint moves from allegations of class action claims,[1]
5  *id.* at 5, to allegations that, in 2013, plaintiff was shot and stabbed after losing access to housing,
6  *id.* at 8.  Plaintiff is advised that the statute of limitations for a section 1983 claim tracks state law,
7  *Wallace v. Kato*, 549 U.S. 384, 387 (2007), and, in California, there is a two-year statute of
8  limitations for personal injury claims, Cal. Civ. Proc. Code § 335.1.  Throughout, plaintiff brings
9  the borderline fanciful allegation that all of the defendants targeted him with a "premeditated
10 agenda," but he never describes how he knows that the governor, city council, and a federal
11 agency were focused on harming him.  ECF No. 1 at 9.

12       The complaint cannot proceed as written.  It fails to give each defendant sufficient notice
13 of the claims against them and, at a more fundamental level, fails to present a comprehensible
14 narrative of how plaintiff's rights were violated.  Plaintiff must file an amended complaint that
15 remedies this deficiency.  He is advised that the amended complaint will supersede the current
16 complaint.  *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The
17 amended complaint should be titled "Amended Complaint" and refer to the appropriate case
18 number.

19       Accordingly, it is ORDERED that:

20       1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

21       2. Within thirty days from the service of this order, plaintiff must file an amended
22 complaint that complies with this order.  If he fails to do so, I will recommend that his unrelated
23 claims be dismissed for failure to state a claim upon which relief may be granted.

24       3. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

---

[1] Plaintiff is not qualified to bring such claims.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. . . . He has no authority to appear as an attorney for others than himself.").

IT IS SO ORDERED.

Dated:    January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE