UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI, | Case No. 2:23-cv-02743-JDP (PC) |
| Plaintiff, | **ORDER** |
| v. | THAT THE CLERK OF COURT RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS MATTER |
| GAVIN NEWSOM, *et al.*, | |
| Defendants. | **FINDINGS AND RECOMMENDATIONS** |
| | THAT THIS MATTER BE DISMISSED FOR FAILURE TO PROSECUTE AND TO COMPLY WITH COURT ORDERS |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On January 17, 2024, I screened plaintiff's complaint, notified him that it failed to state a claim, and granted him thirty days to file an amended complaint. ECF No. 5. Plaintiff failed to timely file an amended complaint or otherwise to respond to the court order. Therefore, on March 18, 2024, I ordered plaintiff to show cause why this action should not be dismissed for his failure to prosecute. ECF No. 7. In response, plaintiff filed a motion for counsel and explained why his complaint was not deficient. ECF No. 8. In light of plaintiff's representations, on July 11, 2024, I granted him a final opportunity to file an amended complaint and warned him that failure to comply with the order would result in a recommendation that this action be dismissed. ECF No. 9. Plaintiff has not responded to that order, and the time to do so has passed.

1

   The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

   A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

   In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

   Here, plaintiff has failed to comply with the court's July 11, 2024 order directing him to file an amended complaint. *See* ECF No. 9. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support imposition of the sanction of dismissal. Lastly, my warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. The July 11, 2024 order expressly warned plaintiff that his failure to comply with court orders would result in dismissal. ECF No. 9. Plaintiff had adequate warning that dismissal could result from his noncompliance. Accordingly, I find that the balance of factors weighs in

1  favor of dismissal.

2      Accordingly, it is hereby ORDERED that the Clerk of Court randomly assign a district
3  judge to this matter.

4      Further, it is hereby RECOMMENDED that:

5      1. This action be dismissed without prejudice for failure to prosecute, failure to comply
6  with court orders, and failure to state a claim for the reasons set forth in the January 17, 2024
7  order. *See* ECF No. 5.

8      2. The Clerk of Court be directed to close the case.

9      These findings and recommendations are submitted to the United States District Judge
10 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of
11 service of these findings and recommendations, any party may file written objections with the
12 court and serve a copy on all parties.  Any such document should be captioned "Objections to
13 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
14 within fourteen days of service of the objections.  The parties are advised that failure to file
15 objections within the specified time may waive the right to appeal the District Court's order.  *See*
16 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
17 1991).

IT IS SO ORDERED.

Dated:    October 9, 2024                             
                                       JEREMY D. PETERSON
                                       UNITED STATES MAGISTRATE JUDGE