1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVOOD KHADEMI,                          Case No.  2:23-cv-2743-DC-JDP (P)

12                 Plaintiff,

13           v.                                ORDER

14    GAVIN NEWSOME, *et al.*,

15                 Defendants.

16

17

18          Plaintiff, a state inmate proceeding pro se, alleges in his first amended complaint that

19    Placer County Jail and unidentified prison officials in the South Placer County Jail violated his

20    Eighth Amendment right to have access to adequate food and water.  ECF No. 13.  Plaintiff fails

21    to state a claim.  Plaintiff may, if he chooses, file an amended complaint that addresses the

22    deficiencies noted herein.

23                           **Screening and Pleading Requirements**

24          A federal court must screen the complaint of any claimant seeking permission to proceed

25    *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

26    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

27    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

28    relief.  *Id.*

                                                  1

1     A complaint must contain a short and plain statement that plaintiff is entitled to relief,

2   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

3   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

4   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

5   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

6   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

7   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

8   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

9   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

10  n.2 (9th Cir. 2006) (en banc) (citations omitted).

11     The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

12  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

13  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

14  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

15  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

16  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

17  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

18                                   **Analysis**

19     Plaintiff brings his first amended complaint against two named defendants—Placer

20  County Jail and unidentified South Placer County Jail officials.  ECF No. 13 at 1-2.  Plaintiff

21  alleges that on or about April 2024, Placer County Jail, South Placer County Jail, and Auburn Jail

22  changed their food menu from bologna sandwiches to turkey sandwiches.  *Id.* at 3.  He alleges

23  that the switch to turkey sandwiches was "bad," inmates refused to each the sandwiches, and

24  ultimately, on November 20, 2024, the turkey sandwiches provided to the inmates caused

25  widespread sickness, impacting plaintiff and other inmates.  *Id.*  According to plaintiff, after

26  inmates became ill, on November 23, 2024, the jails stopped providing turkey sandwiches,

27  allegedly due to the inmate grievances filed based on the food.  *Id.*  He also alleges that unnamed

28  officials know the water in South Placer County Jail and Auburn Jail has a metallic taste, and that

2

1  he believes the water is impacting his kidney health.  *Id.* at 4.  He alleges that he filed a grievance

2  related to the water conditions and that correctional officers in his unit began taunting him

3  regarding his complaint, and that officials know inmates are not receiving adequate water in the

4  jail and are not taking appropriate actions.  *Id.*  Plaintiff purports to bring these claims under 42

5  U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 402

6  U.S. 388 (1971), and states that he wants to bring the suit as a class action.  *Id.* at 1.  He seeks

7  monetary damages, injunctive relief, and declaratory relief.  *Id.* at 5.

8        Plaintiff's allegations fail to state a cognizable claim.  To the extent plaintiff purports to

9  bring his claims under *Bivens*, such claim fails because *Bivens* actions address misconduct

10  performed by *federal* actors, not state actors.  *See Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 70

11  (2001) ("The purpose of *Bivens* is to deter individual *federal* officers from committing

12  constitutional violations." (emphasis added)); *see also Hartman v. Moore*, 547 U.S. 250, 254 n.2

13  (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under . . .

14  42 U.S.C. § 1983.").  Because plaintiff only makes claims against state actors, he cannot bring

15  this action under *Bivens*.  Additionally, while plaintiff seeks to bring his complaint as a class

16  action, he is not qualified to do so.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696,

17  697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf,

18  that privilege is personal to him.  He has no authority to appear as an attorney for others than

19  himself." (citations omitted)).

20        Plaintiff's claims for money damages against Placer County Jail also fail to state a claim

21  because a § 1983 claim for monetary damages can only be brought against a person acting under

22  color of state law, and a state and its entities are not "persons" for purposes of § 1983.  *Will v.*

23  *Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Bank of Lake Tahoe v. Bank of America*, 318

24  F.3d 914, 918 (9th Cir. 2003).  Plaintiff's claims for injunctive and declaratory relief against

25  Placer County Jail similarly fail because "[l]ocal law enforcement departments . . . are not proper

26  defendants under § 1983."  *Sims v. San Diego Cnty. Jail Med.*, No. 24-cv-1489-LL-DDL, 2025

27  WL 360360, at *2 (S.D. Cal. Jan. 31, 2025); *see also Vance v. Cnty. of Santa Clara*, 928 F. Supp.

28  993, 996 (N.D. Cal 1996) ("[T]he term 'persons' does not encompass municipal departments.").

3

1    Finally, to the extent plaintiff attempts to raise a claim under *Monell v. Department of Social*

2    *Services*, 436 U.S. 658 (1978), plaintiff fails to state a claim because he did not plead Placer

3    County as a defendant, and he has not alleged that any constitutional deprivation he suffered was

4    caused either by the implementation or execution of a policy adopted and promulgated by the

5    County or by a final decision-maker for the County.

6        Plaintiff is left with claims for monetary damages and injunctive and declaratory relief

7    against unnamed South Placer Jail officials.  For purposes of screening, plaintiff sufficiently

8    alleges a cognizable Eighth Amendment claim alleging inadequate water.

9        Inhumane conditions of confinement can violate the Eighth Amendment's prohibition

10   against cruel and unusual punishment.  *See Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

11   2006).  Inhumane conditions can take many forms, and the deprivation of "minimal civilized

12   measure of life's necessities" such as adequate food, clothing, shelter, medical care, or safety can

13   violate the Eighth Amendment.  *Id.* at 834; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).  To

14   establish an Eighth Amendment violation, a plaintiff must allege that he was deprived of

15   something sufficiently serious, and that the deprivation occurred with a deliberate indifference to

16   the plaintiff's health or safety.  *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).

17       There is no question that "[a]dequate food is a basic human need protected by the Eighth

18   Amendment."  *Kennan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended on denial of reh'g*,

19   135 F.3d 1318 (9th Cir. 1998).  While food need not be "tasty or aesthetically pleasing," food

20   must be adequate to maintain inmate health.  *LeMaire v. Mass*, 12 F.3d 1444, 1456 (9th Cir.

21   1993).  Additionally, adequate water is an Eighth Amendment concern.  *Minifield v. Butikofer*,

22   298 F. Supp. 2d 900, 904 (N.D. Cal. 2004).  Spoiled food and "foul" water are inadequate to

23   maintain inmate health.  *Kennan*, 83 F.3d at 1091.

24       Plaintiff sufficiently alleges that he was denied adequate food and water to maintain his

25   health.  *See id.*  However, plaintiff's Eighth Amendment claim alleging inadequate food fails to

26   state a cognizable claim because he does not allege that the unnamed jail officials acted with

27   deliberate indifference.  *See Foster*, 554 F.3d at 812.  Based on plaintiff's allegations, once prison

28   officials realized that the food was inadequate and made plaintiff sick, the officials stopped

4

1  serving the food, *see* ECF No. 13 at 3, meaning the officials were not deliberately indifferent to

2  his health, *see Foster*, 554 F.3d at 812.

3     Plaintiff's water-related claim does not suffer from the same deficiency.  Plaintiff

4  sufficiently alleged the prison officials were deliberately indifferent to his health.  According to

5  plaintiff, after he complained about the water and officials began taunting him about it, showing

6  that the officials knew about the issue and did not take corrective action.  *See Farmer v. Brennan*,

7  511 U.S. 825, 837 (1994) (defining deliberate indifference as an official "know[ing] of and

8  disregard[ing] an excessive risk to inmate health or safety").  As such, plaintiff alleges a

9  cognizable Eighth Amendment claim relating to his access to adequate water.

10     Nevertheless, plaintiff does not identify the specific prison officials responsible for the

11  alleged wrongdoing, and I cannot serve unnamed "John Doe" defendants until he or she is

12  identified.  Accordingly, within 30 days of this order, plaintiff must file a second amended

13  complaint identifying the "Doe" defendants.  Plaintiff should also take care to add specific factual

14  allegations against each defendant.  If plaintiff decides to file an amended complaint, the

15  amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896,

16  907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be

17  complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once

18  an amended complaint is filed, the current one no longer serves any function.  Therefore, in an

19  amended complaint, as in the original, plaintiff will need to assert each claim and allege each

20  defendant's involvement in sufficient detail.  The amended complaint should be titled "Second

21  Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an

22  amended complaint, I will recommend that this action be dismissed.

23     Accordingly, it is hereby ORDERED that:

24     1.  Plaintiff's first amended complaint, ECF No. 13, is DISMISSED with leave to amend.

25     2.  Within thirty days from service of this order, plaintiff shall file either (1) a second

26  amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

27

28

1         3.  Failure to timely file either an amended complaint or notice of voluntary dismissal may

2    result in the imposition of sanctions, including a recommendation that this action be dismissed

3    with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4         4.  The Clerk of Court shall send plaintiff a complaint form with this order.

5

6    IT IS SO ORDERED.

7

    Dated:    March 7, 2025                                                                                                                  

8                                                             JEREMY D. PETERSON
                                                         UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6