1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVOOD KHADEMI,                          Case No.  2:23-cv-2743-DC-JDP (P)

12              Plaintiff,

13        v.                                   ORDER

14   GAVIN NEWSOME, *et al.*,

15              Defendants.

16

17

18        Plaintiff, a county inmate proceeding pro se, alleges in his second amended complaint that

19   Placer County, Officers Vartenian and Burch of the South Placer Jail, and Well Path Dental,

20   which contracts with South Placer Jail, violated his Eighth Amendment right to have access to

21   adequate food, water, and medical care.  ECF No. 16.  Plaintiff sufficiently alleges an Eighth

22   Amendment claim against Vartenian and Burch for a lack of access to adequate water, but his

23   remaining allegations fail to state a claim.  Plaintiff may, if he chooses, file an amended

24   complaint that addresses the deficiencies noted herein, or proceed only on the Eighth Amendment

25   claim against Vartenian and Burch.

26                    **Screening and Pleading Requirements**

27        A federal court must screen the complaint of any claimant seeking permission to proceed

28   *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

1

dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

### Analysis

Plaintiff alleges that on or about April 2024, South Placer County Jail and Auburn Jail changed their food menu from bologna sandwiches to turkey sandwiches. ECF No. 16 at 3. He alleges that the switch to turkey sandwiches was "bad," inmates refused to each the sandwiches, and ultimately, on November 20, 2024, the turkey sandwiches provided to the inmates caused widespread sickness, impacting plaintiff and other inmates. *Id.* According to plaintiff, after inmates became ill, on November 23, 2024, the jails stopped providing turkey sandwiches, allegedly due to the inmate grievances. *Id.* He alleges that Burch taunted inmates while they

were sick and offered them Gatorade or Kool Aid to help with the sickness.  *Id.*  He also alleges that Placer County inadequately responded to his grievances by not giving plaintiff organic foods, as he believes processed foods are not good for his health, and he cannot afford better food from the commissary.  *Id.*

Plaintiff alleges that Vartenian and Burch knew the water in both South Placer County Jail and Auburn Jail had a metallic taste, and he alleges that the water is impacting his kidney health.  *Id.* at 4.  He alleges that he filed a grievance related to the water conditions, that Vartenian and Burch began taunting him regarding his complaint, that they knew inmates were not receiving adequate water in the jail, and that they did not take appropriate action.  *Id.*  Plaintiff also alleges that the issues with his food and water were caused by the implementation of a policy adopted either by Placer County or by a final decision-maker for the County.  *Id.* at 5.

Finally, plaintiff contends that dentists with Well Path Dental knew that plaintiff only had ten teeth, and that a dentist recommended pulling one of plaintiff's bad teeth but did not offer plaintiff dentures.  *Id.*  He also alleges that the dentist knew that plaintiff had two broken tooth implants that caused him pain, but that the dentist told him that he could not do anything other than pull the teeth out, which plaintiff did not want done.  *Id.*

Plaintiff states a cognizable Eighth Amendment claim for inadequate water against Vartenian and Burch, but his other allegations fail to state cognizable claims.  Inhumane conditions of confinement can violate the Eighth Amendment's prohibition against cruel and unusual punishment.  *See Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Inhumane conditions can take many forms, and the deprivation of "minimal civilized measure of life's necessities" such as adequate food, clothing, shelter, medical care, or safety can violate the Eighth Amendment.  *Id.* at 834; *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).  To establish an Eighth Amendment violation, a plaintiff must allege that he was deprived of something sufficiently serious, and that the deprivation occurred with a deliberate indifference to the plaintiff's health or safety.  *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).

There is no question that "[a]dequate food is a basic human need protected by the Eighth Amendment."  *Kennan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), *amended on denial of reh'g*,

1    135 F.3d 1318 (9th Cir. 1998).  While food need not be "tasty or aesthetically pleasing," food

2    must be adequate to maintain inmate health.  *LeMaire v. Mass*, 12 F.3d 1444, 1456 (9th Cir.

3    1993).  Additionally, adequate water is an Eighth Amendment concern.  *Minifield v. Butikofer*,

4    298 F. Supp. 2d 900, 904 (N.D. Cal. 2004).  Spoiled food and "foul" water are not adequate to

5    maintain inmate health.  *Kennan*, 83 F.3d at 1091.

6        Plaintiff sufficiently alleges that he was denied adequate food and water to maintain his

7    health.  *See id.*  However, plaintiff's Eighth Amendment claim alleging inadequate food fails to

8    state a cognizable claim because he does not allege that Burch or Placer County acted with a

9    deliberate indifference.  *See Foster*, 554 F.3d at 812.  Based on plaintiff's allegations, once prison

10   officials realized that the food was inadequate and made plaintiff sick, the officials stopped

11   serving the food, *see* ECF No. 13 at 3, and Burch offered sick inmates Gatorade or Kool Aid to

12   assist them, indicating that the officials were not deliberately indifferent to his health, *see Foster*,

13   554 F.3d at 812.  Moreover, while plaintiff may disagree with Placer County's decision to

14   provide processed instead of organic foods, plaintiff does not sufficiently allege that the

15   processed foods provided are inadequate to maintain inmate health.  *See LeMaire*, 12 F.3d at

16   1456

17       Plaintiff's water-related claim does not suffer from the same deficiency.  Plaintiff

18   sufficiently alleges that Vartenian and Burch were deliberately indifferent to his health.

19   According to plaintiff, after he complained about the water, Vartenian and Burch began taunting

20   him about it, showing that they knew about the issue, and did not take corrective action.  *See*

21   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (defining deliberate indifference as an official

22   "know[ing] of and disregard[ing] an excessive risk to inmate health or safety").  As such, plaintiff

23   alleges a cognizable Eighth Amendment claim relating to his access to adequate water.

24       However, plaintiff does not sufficiently allege an Eighth Amendment claim based on

25   inadequate medical care against Well Path Dental.  As noted, state actors are deliberately

26   indifferent if they know that a prisoner faces a substantial risk of serious harm and disregard that

27   risk by failing to take reasonable steps to abate it.  *Id.*  The state actors must not only "be aware of

28   facts from which the inference could be drawn that a substantial risk of serious harm exists," but

1   they "must also draw the inference." *Id.*  A difference in medical opinion is insufficient to

2   establish deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  Here,

3   plaintiff has not sufficiently alleged that Well Path Dental acted with deliberate indifference to his

4   medical needs.  Plaintiff alleges that Well Path Dental offered him medical services, and that he

5   did not agree with the dentist's opinion and refused the health care provided; this is insufficient to

6   state an Eighth Amendment claim.  *See id.*

7        Finally, plaintiff fails to state a claim against Placer County.  Counties cannot be held

8   liable under § 1983 under a *respondeat superior* theory.  *Monell v. Dep't of Soc. Servs.*, 436 U.S.

9   658, 691 (1978).  Instead, a municipality can be sued under § 1983 where the challenged action

10  was implemented or executed under a policy statement, ordinance, regulation, or decision that has

11  been adopted or promulgated by that body's officers.  *Id.* at 690.  The first question in this

12  analysis is whether a constitutional violation occurred.  *See Lockett v. Cnty. of L.A.*, 977 F.3d 737,

13  741 (9th Cir. 2020) (noting that *Monell* claims are "contingent on a violation of constitutional

14  rights") (internal quotation marks omitted).  Then, a court looks to the legal framework on which

15  plaintiff bases his *Monell* claim.  *Monell*, 436 U.S. at 708.  Importantly, "[p]laintiff must do more

16  than allege in a conclusory fashion that the County maintains an unwritten policy or custom of

17  permitting the types of wrongs Plaintiff experienced."  *Segura v. City of La Mesa*, 647 F. Supp.

18  3d 926, 936 (S.D. Cal. 2022).  A "bare assertion" that the County has an "ongoing unlawful

19  policy or practice, without more, does not suffice to state a claim for relief."  *A.B. v. City of Santa*

20  *Ana*, No. SA CV 18-1553-DOC (ADS), 2019 WL 1578380, at *4 (C.D. Cal. Feb. 11, 2019); *see*

21  *also Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (affirming the dismissal

22  of a *Monell* claim that lacked "any factual allegations that would separate them from the

23  'formulaic recitation of a cause of action's elements' deemed insufficient by *Twombly*.").

24       Plaintiff fails to state a sufficient *Monell* claim against Placer County.  As to his Eighth

25  Amendment claim regarding adequate food, as explained earlier, there has been no constitutional

26  violation based on these facts, meaning there can be no *Monell* claim based on these facts.  *See*

27  *Lockett*, 977 F.3d at 741.  To his Eighth Amendment claim alleging inadequate water, while

28  plaintiff has sufficiently alleged a potential constitutional violation, his *Monell* claim based on

this allegation is conclusory.  Plaintiff's claim merely alleges that a custom or policy exists that caused this Eighth Amendment violation; this is insufficient to state a *Monell* claim.  *See Dougherty*, 654 F.3d at 900-01; *see also Segura*, 647 F. Supp. 3d at 936; *A.B.*, 2019 WL 1578380, at *4.

Plaintiff may either notify the court that he wishes to proceed on his cognizable Eighth Amendment claim against defendants Vartenian and Burch, in which case I will direct service, or he may elect to amend his complaint.  If plaintiff amends his complaint, I will delay serving any defendant and will screen his amended complaint in due course.  Plaintiff is reminded that any amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1.  Within thirty days from the service of this order, plaintiff must indicate his intent to proceed only with his Eighth Amendment claim for inadequate water against defendants Vartenian and Burch, or he must file another amended complaint.  If he selects the latter, no defendants will be served until the new complaint is screened.

2.  The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    April 30, 2025                                    _____
                                                           JEREMY D. PETERSON
                                                           UNITED STATES MAGISTRATE JUDGE