UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>    Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOME, *et al.*,<br><br>    Defendants. | Case No.  2:23-cv-2743-DC-JDP (P)<br><br>ORDER |

Plaintiff, a county inmate proceeding pro se, brings his third amended complaint against twenty-five defendants, alleging varying constitutional violations.[1] ECF No. 18.  Plaintiff fails to state a claim.  I will allow plaintiff one final opportunity to file an amended complaint that addresses the deficiencies noted herein before I recommend dismissal of the action.  He also moves to compel discovery, ECF No. 19, which I will deny as premature.

**Third Amended Complaint**

**I.    Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

---

[1] Plaintiff entitled his complaint as his "Second Amended Complaint," but it is his third.

1

1  dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon
2  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
3  relief. *Id.*

4  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
10 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).

14 The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

21 **II.    Analysis**

22 Plaintiff's third amended complaint is difficult to understand, as it is 25 pages of
23 handwritten allegations interspersed with unidentified court opinions. *See generally* ECF No. 18.
24 He names twenty-five defendants but fails to plainly delineate what claims apply to each. Thus,
25 the third amended complaint largely fails to comply with Rule 8 of the Federal Rules of Civil
26 Procedure. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (A complaint must
27 provide "the defendant with fair notice of what the plaintiff's claim is and the grounds upon which
28 it rests.") (internal quotation marks omitted).

1      Even more, the third amended complaint fails to comply with Rule 18 of the Federal
2 Rules of Civil Procedure because it contains several unrelated claims against seemingly unrelated
3 defendants. *See* Fed. R. Civ. P. 18(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Thus
4 multiple claims against a single party are fine, but Claim A against Defendant 1 should not be
5 joined with unrelated Claim B against Defendant 2."). Plaintiff purports to bring claims under the
6 Eighth, First, Sixth, and Fourth Amendments, checking boxes for basic necessities, excessive
7 force, mail, threat to safety, access to the court, and "other: ineffective assistance of counsel." *Id.*
8 at 4. He alleges that the water at South Placer Jail and Auburn Jail is "foul" and has a metallic
9 taste, which has caused him to sustain kidney issues and other health problems. *Id.* He alleges
10 Placer County Jail officials violated policy by requiring inmates to pass food to other inmates. *Id.*
11 at 4-5. He claims an "Officer Hernandez," who is not a named defendant, opened his mail. *Id.* at
12 5. He alleges that in 2017, he was placed in a cell with another inmate who knocked his tooth
13 out. *Id.* at 16. He claims that while he was at the Auburn Jail in 2018, he experienced excessive
14 force. *Id.* at 17. He alleges that, at some point in 2020, he was released from Placer County Jail
15 without the jail providing him housing. *Id.* at 14. He then seemingly alleges that two officers
16 participated in a scheme to frame plaintiff for throwing urine on another deputy. *Id.* at 17-18. He
17 next alleges that in 2023, he was given an expired injection. *Id.* at 19. Finally, he alleges that his
18 public defenders provided ineffective assistance and the District Attorney's Office engaged in
19 prosecutorial misconduct. *Id.* at 6, 10, 14.

20      It is difficult to tell how, if at all, these allegations are related. Unrelated claims need to
21 be brought against proper defendants in separate suits. *See* Fed. R. Civ. P. 18(a); *George*, 507
22 F.3d at 607.

23      Accordingly, plaintiff's complaint is dismissed for failure to state a claim. I will allow
24 plaintiff a final chance to amend his complaint before recommending that this action be
25 dismissed. Plaintiff should take care to add specific factual allegations against each defendant. If
26 plaintiff decides to file an amended complaint, the amended complaint will supersede the current
27 one. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means
28 that the amended complaint will need to be complete on its face without reference to the prior

3

pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current one no longer serves any function. Therefore, in an amended complaint, as in the original, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Fourth Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

**Motion to Compel**

Plaintiff also moves to compel discovery. ECF No. 19. I will deny this motion as premature. The action has yet to move past screening and engaging in discovery would be premature at this point.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel, ECF No. 19, is DENIED as premature.

2. Plaintiff's complaint, ECF No. 18, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   June 2, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4