UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVOOD KHADEMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOME, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:23-cv-2743-DC-JDP (P)<br><br>ORDER TO SHOW CAUSE |

　　　　On June 2, 2025, I screened plaintiff's third amended complaint and notified him that it did not state a claim. ECF No. 21. I ordered him to file, within thirty days, either an amended complaint or a voluntary notice of dismissal. *Id.* To date, plaintiff has not filed any response.

　　　　The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

　　　　I will give plaintiff a chance to explain why the court should not dismiss the case for his

1

1 failure to file an amended complaint.  Plaintiff's failure to respond to this order will constitute a
2 failure to comply with a court order and will result in a recommendation that this action be
3 dismissed.  Accordingly, plaintiff is ordered to show cause within twenty-one days why this case
4 should not be dismissed for failure to prosecute, failure to comply with court orders, and failure to
5 state a claim.  Should plaintiff wish to continue with this lawsuit, he shall file, within twenty-one
6 days, an amended complaint.

IT IS SO ORDERED.

Dated:   July 31, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE